FILED
U.S. DISTRICT COURT
BRUNSWICK DIV.

2013 MAR -8 A 10 15

CLERK_____
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

RAYFORD STEVENS,

    Petitioner,

v.    :    CIVIL ACTION NO.: CV212-188

SUZANNE HASTINGS, Warden,

    Respondent.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Rayford Stevens ("Stevens"), an inmate currently incarcerated at the Federal Correctional Institution in Jesup, Georgia, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Respondent filed a Response. Stevens filed a Traverse. For the following reasons, Stevens' petition should be **DISMISSED**.

## STATEMENT OF THE FACTS

Stevens was convicted, after a jury trial in the Southern District of Alabama, of: conspiracy to commit armed robbery of a motor vehicle, in violation of 18 U.S.C. § 371; armed robbery of a motor vehicle, in violation of 18 U.S.C. § 2119; and use of a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c). Stevens was sentenced to life plus 60 months' imprisonment, after a finding that death resulted from the carjacking. Stevens filed an appeal, and the Eleventh Circuit Court of Appeals affirmed his convictions and sentences. United States v. Knight, 70 F.3d 1285 (11th Cir. 1995).

AO 72A
(Rev. 8/82)

Stevens filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. He asserted that the Government failed to prove essential elements of the carjacking offenses, he received ineffective assistance of counsel, and that he did not commit the crimes in question, based on newly discovered evidence. (Doc. No. 8-6, pp. 3-4). The district court denied Steven's motion as untimely filed and on the merits. (Doc. No. 8-10, pp. 2-3). The Eleventh Circuit denied Stevens' certificate of appealability.

Stevens then filed a section 2241 petition and claimed he was factually innocent of the offenses for which he was convicted and that the sentencing court lacked the authority to sentence him based on elements not stated in the indictment or proven beyond a reasonable doubt. Stevens cited <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000), and <u>Jones v. United States</u>, 526 U.S. 227 (1999), in support of his § 2241 petition. This petition was dismissed as a successive section 2255 motion filed without the requisite permission from the Eleventh Circuit and for failure to show that the remedy afforded under section 2255 was inadequate or ineffective to challenge the legality of his detention. (Doc. No. 8-2, pp. 4-10).

Stevens then filed another § 2241 petition and raised the same claims as he did in his first § 2241 petition. Stevens' petition was dismissed because he did not meet § 2255's savings clause. (Doc. No. 8-4, pp. 2-14). Stevens' certificate of appealability was denied, and the Eleventh Circuit later dismissed his appeal for failure to prosecute. (Doc. No. 8, p. 4).

In this petition, Stevens contends that his sentence exceeds the statutory maximum under § 2119 and cites <u>Jones</u> in support of this contention. Stevens also

AO 72A
(Rev. 8/82)

contends that he is actually innocent of the crime as charged. Respondent asserts that Stevens does not meet the requirements of 28 U.S.C. § 2255's savings clause, and, accordingly, his petition should be dismissed.

## DISCUSSION AND CITATION TO AUTHORITY

Ordinarily, an action in which an individual seeks to collaterally attack his conviction should be filed under 28 U.S.C. § 2255 in the district of conviction. 28 U.S.C. § 2255; Sawyer v. Holder, 326 F.3d 1363, 1365 (11th Cir. 2003). However, in those instances where a section 2241 petition attacking custody resulting from a federally imposed sentence is filed, those § 2241 petitions may be entertained where the petitioner establishes that the remedy provided under 28 U.S.C. § 2255 "is inadequate or ineffective to test the legality of his detention." Wofford v. Scott, 177 F.3d 1236, 1238 (11th Cir. 1999). Section 2255 provides:

> An application for a writ of habeas corpus [pursuant to 28 U.S.C. § 2241] in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.*

28 U.S.C. § 2255(e) (emphasis supplied). The petitioner bears the initial burden of presenting evidence that affirmatively shows the inadequacy or ineffectiveness of the § 2255 remedy. Ramiro v. Vasquez, 210 F. App'x 901, 904 (11th Cir. 2006).

Stevens' action is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241. Stevens asserts that his claims are based on intervening decisions of statutory construction "which categorically bar[ him] from seeking relief under section 2255." (Doc. No. 1, p. 2).

3

To successfully use a § 2241 petition to circumvent the procedural restrictions of a § 2255 motion, a petitioner must satisfy the savings clause of § 2255. The savings clause of § 2255:

> applies to a claim when: 1) that claim is based upon a retroactively applicable Supreme Court decision; 2) the holding of that Supreme Court decision establishes the petitioner was convicted for a nonexistent offense; and 3) circuit law squarely foreclosed such a claim at the time it otherwise should have been raised in the petitioner's trial, appeal, or first § 2255 motion.

Wofford, 177 F.3d at 1244.

Stevens has not shown that his claims are based on a retroactively applicable Supreme Court decision which establishes that he was convicted of a non-existent offense. In fact, Stevens has been advised on at least one occasion that the Jones decision announced a new procedural rule, not a new rule of substantive law, and was not retroactively applicable to cases on collateral review. (Doc. No. 8-4, pp. 10-13). Nor has Stevens shown that his claims were foreclosed on a previous occasion. Simply because Stevens has brought his claims on several previous occasions and his claims were either denied or dismissed does not render the remedy afforded under § 2255 inadequate or ineffective to challenge the legality of his detention. In other words, Stevens has not satisfied the requirements of § 2255's savings clause. See Wofford, 177 F.3d at 1244; see also Dean v. McFadden, 133 F. App'x 640, 642 (11th Cir. 2005) (noting that all three requirements of the Wofford test must be satisfied before section 2255's savings clause is satisfied). Because Stevens has not satisfied the requirements of § 2255's savings clause, he cannot "open the portal" to argue the merits of his claim. See Wofford, 177 F.3d at 1244 & n.3; see also Dean, 133 F. App'x at 642.

Stevens argues that, under <u>Gilbert v. United States</u>, 640 F.3d 1293, 1318 (11th Cir. 2011), there is a fundamental defect in his sentencing which he could not raise on a previous occasion. In <u>Gilbert</u>, the Eleventh Circuit majority determined "the savings clause of § 2255(e) does not permit a prisoner to bring in a § 2241 petition a guidelines miscalculation claim that is barred from being presented in a § 2255 motion by the second or successive motions bar of § 2255(h)."[1] 640 F.3d at 1312. "[F]or claims of sentence error, at least where the statutory maximum was not exceeded, the point where finality holds its own against error correction is reached not later than the end of the first round of collateral review." <u>Id.</u> at 1312. "[T]he savings clause does not apply to sentencing claims . . . where the sentence imposed was within the statutory maximum." <u>Id.</u> at 1315.

Stevens was convicted pursuant to 18 U.S.C. § 2119, which is the federal carjacking statute. The statutory maximum sentence applicable in Stevens' case, in which a death resulted, was "any number of years up to life, . . . or sentenced to death." 18 U.S.C. § 2119(3) (West 1994). Stevens' conviction under 18 U.S.C. § 924(c) carried a statutory sentence of 5 years' (or 60 months') imprisonment, to be served consecutively to any other term of imprisonment. 18 U.S.C. § 924(c)(1) (West 1994). Stevens did not receive any sentence higher than the statutory maximum sentences applicable to his offenses, and thus, he does not present a valid claim under <u>Gilbert</u>. Additionally, <u>Gilbert</u> applies to those cases where a petitioner was given a career

---

[1] "A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain-- (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h).

5

offender enhancement and is not applicable to Stevens' claim that his sentence — with no enhancement — exceeded the statutory maximum. See Nolan v. Keller, No. 1:10-CV-3490-TWT-GGB, 2011 WL 2148412, at *2 (N.D. Ga. May 6, 2011).

The undersigned notes Stevens' assertion in his Traverse that he was indicted for a violation of 18 U.S.C. § 2119(1), which carried a 15 year statutory maximum sentence, yet he was sentenced under § 2119(3). While it appears that this may be an accurate statement, Stevens is not entitled to relief under § 2241. Stevens was indicted and tried in 1994. Given the age of his criminal case, the documents filed in his case prior to 2001 cannot be accessed electronically.[2] However, it appears that the sentencing judge made the finding that a death resulted from the carjacking, and that is why Stevens was sentenced to life imprisonment pursuant to § 2119(3). Stevens' claim then would be that the judge, not the jury, found him guilty of this offense. This claim is based on Apprendi v. New Jersey, 530 U.S. 466 (2000), which determined that any fact other than the fact of a prior conviction which increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury. However, the Eleventh Circuit has stated that Apprendi is not retroactively applicable to cases on collateral review. United States v. Daniel, No. 12-13128, 2013 WL 135093, at *4 (11th Cir. Jan. 10, 2013) (citing McCoy v. United States, 266 F.3d 1245, 1258 (11th Cir. 2001)). Even if Apprendi were applicable to cases on collateral review, Stevens' current petition was filed well outside of the statute of limitations period applicable to claims such as Stevens'. 28 U.S.C. § 2255(f)(3).

---

[2] Based on the information before the Court, Stevens was indicted for a violation of 18 U.S.C. § 2119; no subsection of that statute is indicated.

6

Moreover, Eleventh Circuit precedent forecloses Stevens' actual innocence claim. In Kelley v. Hickey, 307 F. App'x 424 (11th Cir. 2009), a § 2241 petitioner appealed the dismissal of his petition, in which he asserted that he was actually innocent of the crime for which he was convicted. The Eleventh Circuit reiterated well-defined circuit law stating that a § 2241 petition is appropriate to challenge the validity of a federal conviction or sentence only when the remedy provided by § 2255 is inadequate or ineffective and that § 2255 is inadequate or ineffective only when the Wofford test is met. The court also explained that "[o]nce the savings clause . . . applies to open the portal to a [section] 2241 proceeding, the proper inquiry . . . will be whether the petitioner can establish actual innocence of the crime for which he has been convicted[.]" Id. at 426 (quoting Wofford, 177 F.3d at 1244 n.3) (some alterations in original). The court determined that, because the petitioner did not open the portal to allow him to bring a § 2241 petition, his petition was properly dismissed. Id. Like the petitioner in Kelley, Stevens has not met the Wofford test; therefore, Stevens cannot bring his claim pursuant to § 2241.

Stevens cannot circumvent the requirements for § 2255 motions by styling his petition for habeas corpus as being filed pursuant to § 2241. "[W]hen a federal prisoner's claims fall within the ambit of § 2255, the prisoner is subject to that section's restrictions." Medberry v. Crosby, 351 F.3d 1049, 1061 (11th Cir. 2003). Stevens is doing nothing more than "attempting to use § 2241 . . . to escape the restrictions of § 2255." Wofford, 177 F.3d at 1245.

AO 72A
(Rev. 8/82)

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Stevens' petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2241, be **DISMISSED**.

**SO REPORTED** and **RECOMMENDED**, this 8th day of March, 2013.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)