IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

RAYFORD STEVENS,

    Petitioner,

v.                                           CIVIL ACTION NO.: CV212-188

SUZANNE HASTINGS, Warden,

    Respondent.

## ORDER

After an independent and *de novo* review of the entire record, the undersigned concurs with the Magistrate Judge's Report and Recommendation, to which Objections, as supplemented, have been filed. In his Objections, Petitioner Rayford Stevens ("Stevens") asserts that he is incarcerated in violation of the laws and Constitution of the United States and that his continued detention is a gross miscarriage of justice. Stevens also asserts that 18 U.S.C. § 2119, the statute under which he was convicted, is unconstitutional as applied to him, as the finding of death was construed to be a sentencing factor which should have been presented to the jury. Stevens contends that the Eleventh Circuit Court of Appeals' decision in Williams v. Warden, ___ F.3d ___, 2013 WL 1482283 (11th Cir. Apr. 11, 2013), undermines the Report and Recommendation.

The petitioner in Williams challenged his armed career criminal sentence because he asserted that his predicate convictions were not violent felonies. Williams cited Begay v. United States, 553 U.S. 137 (2008), in support of his position. The

Eleventh Circuit determined that, "[a]t the time of Williams's direct appeal and first [28 U.S.C.] § 2255 motion, there was no circuit precedent that foreclosed him from raising the claim that his burglary convictions should not count as violent felonies[.]" Williams, ___ F.3d at ___, 2013 WL 1482283, *1. The Eleventh Circuit also determined that, considering Williams' circumstances, "his direct appeal and first collateral attack were not inadequate or ineffective to test the legality of his detention, and the savings clause [of 28 U.S.C. § 2255(e)] does not apply." Id. The Eleventh Circuit concluded "that the district court lacked subject-matter jurisdiction to entertain Williams's § 2241 petition[.]" Id. In so doing, the Eleventh Circuit stated that, for a sentencing claim to proceed pursuant to § 2241, "the claim must be based upon a retroactively applicable Supreme Court decision" and "the Supreme Court decision must have overturned a circuit precedent that squarely resolved the claim so that the petitioner had no genuine opportunity to raise it at trial, on appeal, or in his first § 2255 motion." Id. at *10 (citing Wofford v. Scott, 177 F.3d 1236, 1244 (11th Cir. 1999)). Because Williams' claim was not foreclosed by Eleventh Circuit precedent at the time he filed his first section 2255 motion, the Eleventh Circuit found Williams could not proceed with his claim pursuant to § 2241 and § 2255(e)'s savings clause. Id. at *13-14.

Stevens cannot proceed with this section 2241 petition, as the Williams decision makes clear. Stevens does not assert that there is a retroactively applicable decision by the United States Supreme Court which overturned Eleventh Circuit precedent. The undersigned notes that Jones v. United States, 526 U.S. 227 (1999), was not available to Stevens on direct appeal or at the time he filed his § 2255 motion. However, this petition is at least Stevens' third attempt to raise contentions based on Jones. As the

2

Magistrate Judge and two (2) other district court judges noted, Stevens' contentions based on Jones do not meet the savings clause of section 2255. (Doc. Nos. 8-3, 8-4, 10).[1]

Stevens' Objections are **overruled**. The Magistrate Judge's Report and Recommendation, as supplemented herein, is adopted as the opinion of the Court. Stevens' petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2241, is hereby **DISMISSED**. The Clerk of Court is directed to file the appropriate judgment of dismissal.

**SO ORDERED**, this 5 day of June, 2013.

LISA GODBEY WOOD, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

---

[1] The undersigned notes Stevens' citation to Johnson v. United States, 130 S. Ct. 1265 (May 2, 2012). (Doc. No. 12, p. 3). However, this citation is for Johnson v. United States, 559 U.S. 133, 130 S. Ct. 1265 (2010), and the undersigned was unable to locate a case citation from May 2012 standing for the proposition Stevens notes. To the extent the cited Johnson case may be retroactively applicable to cases on collateral review and would provide Stevens with his requested relief, Stevens filed this § 2241 petition beyond the applicable statute of limitations period. 28 U.S.C. § 2255(f)(3).

AO 72A
(Rev. 8/82)